## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SOUTHERN PRODUCE DISTRIBUTORS, INC. | ) | **Case No. 18-02010-5-SWH** |
| | ) | **Chapter 11** |
| Debtor. | ) | |

### MOTION OF CAPE FEAR FARM CREDIT, ACA, FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

NOW COMES Cape Fear Farm Credit, ACA, for itself and as agent/nominee for other lending institutions (collectively, "Cape Fear"), under those certain loan agreements with Southern Produce Distributors, Inc. ("Debtor"), by and through counsel and pursuant to 11 U.S.C. §§ 361 and 362 and Bankruptcy Rules 4001 and 9014, and hereby moves for relief from stay with respect to Debtor's real property and personal property as more particularly described herein, or, in the alternative, conditioning the continuation of the automatic stay on adequate protection being afforded to Cape Fear pursuant to 11 U.S.C. § 361. In support of this Motion, Cape Fear respectfully states as follows:

### BACKGROUND

1.      On April 20, 2018 (the "Petition Date"), Debtor filed with this Court a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

2.      Upon information and belief, the Debtor is a North Carolina corporation with a principal place of business located in Faison, North Carolina.  Upon further information and belief, the Debtor is engaged in the produce business as a broker, packer and shipper. The Debtor is currently operating its business and managing its properties as a debtor-in- possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      This Court has jurisdiction over this matter and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334 and this matter constitutes a "core" proceeding pursuant to 28 U.S.C. § 157.

## CAPE FEAR SECURED LOANS

4.      In 2014, Debtor along with co-borrower David Stewart Precythe (now deceased), entered into Loan No. 09171 with Cape Fear in the original principal amount of $210,000 evidenced by a Promissory Note (the "Note") dated June 24, 2014.  A true and accurate copy of the Note is attached hereto and incorporated herein by reference as **Exhibit A.**

5.      The Note is secured by a Deed of Trust encumbering certain real property of approximately twenty-one acres in Duplin County, North Carolina (the "Collateral") recorded in Book 1778, Page 0164 of the Duplin County Registry (the "Deed of Trust").  A true and accurate copy of the Deed of Trust is attached hereto and incorporated therein by reference as **Exhibit B.**

6.      The Note is further secured by a lien on the Debtor's interest in Cape Fear association equity and any patronage funds to which the Debtor is or may become entitled.

7.      As of April 20, 2018, Debtor owed Cape Fear the aggregate sum of $145,832.98, exclusive of attorneys' fees, with interest continuing to accrue on the outstanding balance at the fixed annual rate of 5.9% (per diem rate of $23.507), as follows:

Principal Balance:      $145,385.94

Accrued Interest:      $ 447.04

Monthly installment payments of $2,324.00 are due.

8.      Upon information and belief, the Debtor has been incurring net operating losses.

## BASES FOR RELIEF FROM STAY

The Court may grant relief from the automatic stay.  Section 362(d) authorizes the Court to grant relief from the automatic stay, and provides in relevant part:

>(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --
>
>>(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
>>(2) with respect to a stay of an act against property under subsection (a) of this section, if—
>>>(A)  the debtor does not have an equity in such property; and
>>>(B)  such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

9.     "Cause" under § 362(d)(1) is not defined in the Bankruptcy Code. "'Cause' has no clear definition and is determined on a case-by-case basis." *In re Conejo Enterprises, Inc*., 96 F.3d 346, 352 (9th Cir. 1996) (citations omitted). "In determining whether cause exists, the bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *In re C&S Grain Co., Inc*., 47 F.3d 233, 238 (7th Cir. 1995). While "cause" is not defined, one of the enumerated bases for cause is lack of adequate protection of the creditor's interest in its collateral. 11 U.S.C. § 362(d)(1). The creditor's interest in its collateral is not adequately protected where the collateral continues to decline in value, or there is the legitimate risk that the collateral will further decline in value. *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd*., 108 S. Ct. 626, 630 (1988).

10.     "Section 362(d)(2) provides that the court shall grant relief from the automatic stay with respect to property if '(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization.' 11 U.S.C. § 362(d)(2). The Supreme Court has held that the second requirement necessitates a showing that 'the property is essential for an effective reorganization that is in prospect,' meaning 'that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'' *United Sav. Ass'n v. Timbers*

*of Inwood Forest Assocs.*, 484 U.S. 365, 376 (1988) (emphasis in original) (citations omitted); *In re 3G Properties, LLC*, 2010 WL 4630352 (Bankr. E.D.N.C. Nov. 5, 2010). The debtor bears the burden of establishing that the collateral at issue is necessary to an effective reorganization, and the movant has the burden of proving lack of equity in the property. See 11 U.S.C. § 362(g)." *In re Harvest Oaks Drive Assocs., LLC*, No. 10-03145-8-SWH, 2011 WL 5902878, at *2 (Bankr. E.D.N.C. July 26, 2011).

11.    Without limitation, Cape Fear is entitled to relief from stay for cause because the Debtor is operating at a loss, and because there is little or no equity in the Collateral and the Collateral is not necessary for an effective reorganization. On information and belief, the real property subject to the Deed of Trust has a tax value of approximately $160,000, compared to Cape Fear's secured claim of approximately $150,000. This small equity cushion may be insufficient to cover accrued post-petition interest, legal fees and sale costs, leaving Cape Fear's interest without adequate protection, and the Debtor has offered none. The Debtor's continuing operations do not depend upon the Collateral.

WHEREFORE, Cape Fear respectfully requests that the Court:

1.    Enter an Order pursuant to 11 U.S.C. § 362(d) lifting the automatic stay and permitting Cape Fear to enforce its rights and remedies against the Collateral in accordance with the Loan Documents and any applicable law;

2.    In the alternative, enter an Order requiring the Debtor to provide adequate protection of Cape Fear's interests; and

3.    Grant such other and further relief as the Court deems just and proper.

This the 3rd day of May, 2018.

/s/ Lisa P. Sumner
Christine L. Myatt
N.C. State Bar No. 10444

Lisa P. Sumner
N.C. State Bar No. 22838
NEXSEN PRUET, PLLC
4141 Parklake Ave., Suite 200
Raleigh, NC 27612
(919) 573-7423
lsumner@nexsenpruet.com

*Attorneys for Cape Fear Farm Credit, ACA, for Itself and as Agent/Nominee for Other Lending Institutions*

EXHIBIT A

# FIXED RATE NOTE

Date of Note: June 24, 2014                                              Loan Number: 17-01

Place Executed: Clinton                          , NC        Amount: $ 210,000.00

## REPAYMENT SCHEDULE

| NUMBER | TYPE | | AMOUNT | DESCRIPTION OF DUE DATE | |
|---|---|---|---|---|---|
| 119 | Fixed Payment | **installment(s) of $ | 2,324.00 | due Monthly beginning | 08/01/2014 |
| | | **installment(s) of $ | | due | |
| | | **installment(s) of $ | | due | |
| | | **installment(s) of $ | | due | |

A final installment of the unpaid principal balance of the indebtedness and all accrued interest is due July 01, 2024 . All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise noted herein.

**Fixed Payment means the installment amount amortizes both principal and interest. Fixed Principal means the installment amount amortizes principal only and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

For value received, the undersigned (whether one or more) promise(s) to pay, in lawful money of the United States of America, in accordance with the repayment schedule(s) above stated, to the order of Cape Fear Farm Credit, ACA, as agent/nominee (together with any holder hereof, "Association"), at its office in Clinton, NC, or any other such place as designated by Association in writing, the principal sum of Two Hundred Ten Thousand  and 00/100 Dollars ($210,000.00), with interest until paid at a rate of Five and 90000/100000 percent (5.9%) per annum.



The undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

At the option of Association, any default under the terms and conditions of this note or under any other written instrument executed by the undersigned and owned, held or serviced by Association shall constitute a default under this note and any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to the undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may proceed with collections; may apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under the Uniform Commercial Code and other applicable law, and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed hereon, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand, and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein.

If there is any error or omission in this note or in any instrument securing it, the undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association all attorneys' fees, costs and expenses incurred in connection therewith. If the undersigned fails to pay, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

The undersigned agrees to provide current financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from the undersigned is outstanding.

The undersigned may at any time make prepayments of principal in any amount, provided all accrued interest and all other expenses and charges have been paid current. Prepayments applied to installments will be in inverse order of maturity, except as otherwise provided in writing by Association.

If any installment principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100 percent (4.00%) of the overdue installment shall be paid by undersigned to Association, not to exceed a maximum of $10000.00 .

This note is secured by real estate security instrument(s) dated: June 24, 2014.

THIS DOCUMENT IS EXECUTED BY UNDERSIGNED IN FAVOR OF ASSOCIATION AS AGENT/NOMINEE OF ITS WHOLLY-OWNED SUBSIDIARY Cape Fear Farm Credit, FLCA PURSUANT TO THE MASTER AGREEMENT DESCRIBED HEREIN. AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY Cape Fear Farm Credit, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

G04402XT Rev (04/01)                          Page 1 of 2



Date of Note: June 24, 2014
Loan Number: ████████████01
Amount: $ 210,000.00

This note is the joint and several obligation of all persons executing it.  Given under the hand and seal of the undersigned.

Southern Produce Distributors Inc.

By: _____ (L.S.)
David Stewart Precythe, President

_____ (L.S.)
David Stewart Precythe, Individually

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____



B1778 P0164 06-27-2014
11:24:24.001
Duplin County, NC Register of Deeds    Davis H. Brinson    PROP
page 1 of 11

## DEED OF TRUST

**This instrument prepared by and return to:**
Cape Fear Farm Credit, ACA
Nelson P Powell
P.O. Box 558
Clinton                           NC  , 28329-
Loan Number 020 004 850917-01



STATE OF NORTH CAROLINA
COUNTY OF Duplin

      THIS INDENTURE, made June 24, 2014    between Southern Produce Distributors Inc.
and David Stewart Precythe

_____
_____
_____
_____ (hereinafter called Undersigned, whether Borrower or
or others and whether one or more, and whether collectively or singularly);
Brian J. Smith                                          , Trustee (hereinafter called Trustee),
and Cape Fear Farm Credit, ACA
as agent/nominee   a corporation organized and existing under the laws of the United States of America,
(hereinafter called Lender); and

      WITNESSETH,   that   in   consideration   of   a   loan   or   advances   made   by   Lender   to
Southern Produce Distributors Inc. and David Stewart Precythe

_____
_____
_____
_____
_____

_____ (hereinafter called Borrower, whether one or more), and the sum of One Dollar ($1.00) paid to
Undersigned at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged,
and for the purpose of securing the payment of the loan to Borrower by Lender, Undersigned hereby grants,
bargains, sells and conveys unto the Trustee, as herein named, its successors and assigns, the following described
land:

      **(SET FORTH HEREINBELOW AND/OR ON SCHEDULE "A" ATTACHED HERETO AND MADE A PART
HEREOF)**

See Attachment
_____
_____
_____
_____

TO HAVE AND TO HOLD the said land with all and singular the rights, members and appurtenances thereunto
belonging or anywise appertaining, to the only proper use and benefit of the Trustee, as herein named, his/her
successors and assigns, forever, in fee simple. Undersigned acknowledges that Lender would be unwilling to
extend or continue to extend the loans or advances secured hereby without the pledge provided hereby.

G01008NC (0206)                              Page 1 of 8



B1778 P0165 06-27-2014
11:24:24.001
Davis H. Brinson    PROP
Duplin County, NC Register of Deeds page 2 of 11

## SCHEDULE A

ATTACHED TO AND MADE PART OF THAT CERTAIN SECURITY INTRUMENT BEARING
ACA LOAN NO. ████████917-01

All that certain tract or parcel of land lying and being in Faison Township, Duplin County, North Carolina, and being more particularly described by metes and bounds as follows:

Commencing at an existing pk nail at the centerline intersection of N.C.S.R. 1331 (Eddice Taylor Road) with U.S. Highway No. 117; thence along the centerline of U.S. Highway No. 117, south 17 degrees 43 minutes 07 seconds east 664.86 feet to an existing cotton spindle in the centerline of U.S. Highway No. 117; thence leaving said centerline and with the northern line of Chatham Associates property recorded in Deed Book 1388 Page 764 and shown in Map Book 17, Page 185, north 70 degrees 38 minutes 10 seconds east 239.81 feet to a 5/8 inch iron stake two inches below ground, said iron stake having N.C. grid coordinates of North = 495,152.402 and East =2,259,228.669, said iron stake also being THE TRUE POINT OF BEGINNING; thence from the above described point of beginning and with the Precythe Properties, LLC southern line recorded in Deed Book 1752, Page 680, and shown in Map Book 26 Page 335, north 70 degrees 40 minutes 24 seconds east 377.65 feet to a 3/4 inch existing iron pipe four inches above ground at a ditch intersection; thence with the Precythe Properties western line and along a ditch and along a line not surveyed, south 18 degrees 34 minutes 35 seconds east 586.85 feet to a point; thence continuing with said Precythe Properties line and along said ditch and along a line not surveyed, south 47 degrees 34 minutes 35 seconds east 145.98 feet to a point; thence continuing along the Precythe Properties line and along a ditch and a line not surveyed, south 36 degrees 24 minutes 35 seconds east 58.99 feet to a point; thence continuing along the Precythe Properties line and along a ditch and a line not surveyed, south 16 degrees 49 minutes 35 seconds east 199.97 feet to a point; thence continuing along the Precythe Properties line and along a ditch and a line not surveyed, south 03 degrees 29 minutes 35 seconds east 46.99 feet to a point; thence continuing along the Precythe Properties line and along a ditch and a line not surveyed, south 10 degrees 34 minutes 35 seconds east 155.98 feet to a point in the approximate run of Reedy Branch; thence along a chord of the run of Reedy Branch and along a line not surveyed, north 72 degrees 09 minutes 12 seconds 386.19 feet to a point in the approximate run of Reedy Branch; thence leaving the run of Reedy Branch and with the western line of the Edward Carroll Jackson property recorded in Deed Book 1149, Page 568, south 18 degrees 44 minutes 46 seconds east 145.27 feet to a 5/8 inch iron stake set two inches above ground in a ditch; thence continuing with said Jackson line and along said ditch, south 25 degrees 38 minutes 01 seconds east 89.24 feet to a point in said ditch; thence continuing with said Jackson line and along said ditch, south 11 degrees 43 minutes 05 seconds east 87.47 feet to a 5/8 inch iron stake set two inches above ground in said ditch; thence leaving said ditch and with a northern line of the E. Carroll Jackson property recorded in Deed Book 1533, Page 561, and shown as Tract 9 in Map Book 216, Page 229, south 67 degrees 29 minutes 34 seconds west 598.59 feet to a 5/8 inch iron stake set three inches below ground; thence with a northeastern line of the said Jackson property, north 47 degrees 25 minutes 26 seconds west 182.00 feet to a 5/8 inch iron stake set three inches above ground at a bend in an old fence line; thence with a northern line of said Jackson property, north 84 degrees 10 minutes 26 seconds west 369.84 feet to a 5/8 inch iron stake set two inches above ground in line with an old fence and in the eastern right-of-way line of U.S. Highway No. 117; thence along said right-of-way line, north 17 degrees 42 minutes 03 seconds west 929.94 feet to a 5/8 inch existing iron stake three inches below ground; thence with a southern line of the Chatham Associates property recorded in Deed Book 1388, Page 764, and shown in Map Book 17, Page 185, north 70 degrees 33 minutes 07 seconds east 189.13 feet to an existing concrete monument 24 inches above ground; thence with an eastern line of said Chatham Associates property, north 17 degrees 35 minutes 16 seconds west 187.20 feet to the point and place of beginning, **CONTAINING 21.40 ACRES,** more or less.

The above description was prepared by Johnny J. Williams Land Surveying, P.C. from a survey completed on June 23, 2014. All courses are correct in their angular relationship to N.C. grid north NAD 1983 (2011 adjustment).

**MAP REFERENCE:** And being all of that certain 21.40 acres, more or less, as set forth, shown and depicted upon that certain map entitled, **"Boundary Survey for Southern Produce Distributors, Inc.",** dated June 23, 2014, as prepared by Johnny J. Williams Land Surveying, P.C., and as duly recorded in **Map Book 27, Page 429,** of the Duplin County Registry, incorporated herein by reference.

B1778 P0167 06-27-2014
11:24:24.001
Davis H. Brinson   PROP
Duplin County, NC Register of Deeds   page 4 of 11

"This map is not a certified survey and
has not been reviewed by a local
government agency for compliance with
any applicable land development regulations."



BOUNDARY SURVEY for
SOUTHERN PRODUCE
DISTRIBUTORS, INC.

B1778 P0168 06-27-2014
11:24:24.001
Davis H. Brinson        PROP
Duplin County, NC Register of Deeds  page 5 of 11

This conveyance is to be construed as a deed of trust, and not as a mortgage, and is made to secure (1) the performance of the covenants herein contained; (2) the payment of all Present Obligations (as defined below) extended by Lender to

Southern Produce Distributors Inc. and David Stewart Precythe

(hereinafter called Borrower, whether one or more), in the principal sum of Two Hundred Ten Thousand
Dollars And No Cents                                                                                     Dollars
($ 210,000.00         ) as evidenced by the notes described below:

| 1 Original Principal (Face Amount) | 2 Amount of Present Obligations Secured (Principal Outstanding) | 3 Total Amount Committed to be Advanced (Includes Column 2) | 4 Date of Note | 5 When Due |
|---|---|---|---|---|
| 210,000.00 | 210,000.00 | 210,000.00 | 06/24/2014 | 07/01/2024 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

same being made a part hereof to the same extent as if each were set forth herein, and all renewals, reamortizations, extensions, refinances, modifications or other rearrangements thereof, together with interest thereon as provided therein; (3) all additional loans and future advances that may subsequently be made to Borrower (or to any one or more of the parties designated as Undersigned or Borrower) by Lender, which may be evidenced by a note or notes, and all renewals, reamortizations, extensions, refinances, modifications or other rearrangements thereof, plus interest thereon, and when any payment is made on any indebtedness secured hereby, as described herein, fresh advances may be made, from time to time, so as to make this contract continuous in nature; such advances, if any, to be made solely at the option of the Lender; and (4) all other indebtedness of Borrower to Lender, now due or to become due (whether directly or indirectly) or hereafter to be contracted, and all renewals, reamortizations, extensions, refinances, modifications or other rearrangements thereof, plus interest thereon, attorneys' fees, court or foreclosure costs, including Trustee's commissions, and any advances and interest thereon, which advances are made for the protection of the security or title thereto, such as, but not limited to, advances for taxes and insurance premiums, all of which are secured by this deed of trust. For purposes hereof "Present Obligations" of Borrower shall mean the principal amounts currently outstanding, which may include amounts committed to be advanced, under the note(s) listed hereinabove.

It is further understood and agreed by all parties hereto that the execution by Borrower and the acceptance by Lender of any notes, renewal notes or other instruments, or the agreement by Lender to any reamortizations, extensions, renewals, refinances, modifications, or other rearrangements shall not be construed as payment of any indebtedness hereby secured (whether or not, among other changes in terms, the interest rate or rates remain the same and/or time for payment is thereby extended or lessened), and shall not discharge the lien of this deed of trust which is to remain in full force and effect until the total indebtedness secured hereby has been paid in full. All notes or other instruments contemplated in this paragraph shall remain uncanceled and in the possession of Lender, its successors and assigns until the total indebtedness hereby secured is paid in full.

Provided, however, the lien of this deed of trust shall not be terminated or otherwise affected during the period of this instrument from the date hereof by repayment in full, one or more times, of all indebtedness then outstanding, unless this instrument shall be formally released or discharged of record. If at any time during the period of said instrument from the date hereof, there be no indebtedness outstanding of Borrower to Lender, and no obligation of Lender to make any further advances to Borrower, Lender will, upon the written request of Borrower or Undersigned, execute and deliver to Undersigned a reconveyance or satisfaction of this instrument.

B1778 P0169  06-27-2014
11:24:24.001
Davis H. Brinson          PROP
Duplin County, NC Register of Deeds  page 6 of 11

For the consideration aforesaid, Borrower covenants as follows:

1)  The making of any advance or the acceptance of any obligation shall be at the sole option and discretion of the Lender and upon such terms and conditions as it shall determine;

2)  THE MAXIMUM UNPAID PRINCIPAL AMOUNT, INCLUDING PRESENT AND FUTURE ADVANCES AND OBLIGATIONS, WHICH MAY BE SECURED BY THIS DEED OF TRUST AT ANY ONE TIME SHALL NOT EXCEED One Million and 00/100 _____ DOLLARS ($ 1,000,000.00 );

3)  All future optional advances or obligations must be made within fifteen years from date of this deed of trust irrespective of the duration of this deed of trust and/or the duration of any indebtedness secured hereby;

4)  Lender expressly reserves, and Undersigned expressly consents to, the right to allocate and apply any payment received hereunder against the evidences of indebtedness secured hereby in such order, proportions and amounts as it, in its sole discretion, determines to be proper;

5)  Lender may, at its option, determine and declare any or all present and future advances or obligations secured by this deed of trust to be in default and immediately due and payable upon the default in payment of one or more of the obligations secured hereby, or the default of any other term or condition of this deed of trust;

6)  "Future advances" or "obligations" as used in this paragraph are defined as further and additional principal sums loaned, and interest thereon, to one or more of the Borrowers and which are secured by this deed of trust, including, without limitation, payments made by Lender for fire and extended coverage insurance, flood insurance, taxes, environmental issues, assessments or other necessary expenditures for the preservation or maintenance of the land or the title thereto, which shall be secured hereby and shall have the same priority as if such payments were made by Lender on the date hereof. Provided, however, no advances made by Lender for the preservation or maintenance of the land or the title thereof, nor any accrued interest on such advances, shall be considered in computing the maximum principal amount which may be secured hereby;

7)  The total indebtedness secured by this deed of trust may be evidenced by various notes and/or other written instruments and evidences of indebtedness; and one or more or all such notes and/or the written instruments and evidences of indebtedness may, from time to time, be combined and merged into a single note or other evidence of indebtedness. Such combination and merger shall not constitute nor be construed as a payment, satisfaction or discharge of any prior advance made or prior obligation incurred.

This deed of trust also secures all other advances made to and obligations accepted from Borrower, under the terms of said note(s) and any subsequent note(s) or evidence of indebtedness secured hereby, and all amounts included in reamortizations, renewals, extensions, refinances, modifications, deferments and other rearrangements of any such indebtedness hereby secured. Whether or not the indebtedness secured hereby ever exceeds the maximum above stated, Lender shall have the sole discretion to determine the priority or order in which the various debts covered hereby shall be secured hereunder within said maximum.

For consideration as aforesaid, Borrower/Undersigned covenants as follows:

1.  Undersigned is lawfully seized of said land in fee simple and has a perfect right to convey same. The said land is unencumbered and free from all claims and charges. Undersigned, for himself, his heirs, executors, administrators, successors, and assigns, warrants and will forever defend the right and title of said land unto the Trustee, his successors and assigns, against the claims of all persons whomsoever. In the event of default, if the Lender employs counsel to collect the debt evidenced by any note secured hereby, or to enforce or protect any rights provided for herein, in any court or before any administrative body whatsoever, then in addition to any principal, interest, and other charges as provided for in any note secured hereby, Lender shall also recover all costs and expenses reasonably incurred by Lender, including reasonable attorneys' fees, which costs, expenses and attorneys' fees shall become part of the indebtedness secured hereunder, shall be immediately payable, and shall draw interest from the date Lender retains counsel until paid at the highest rate provided in any note or notes secured hereby.

2.  Whether or not Borrower is in default, in the event the Lender becomes a party to any legal proceeding involving the security described herein, other than an action to collect any indebtedness evidenced by any note or notes secured hereby, and including any bankruptcy case involving Borrower or Undersigned, then Lender may also recover all costs and expenses reasonably incurred by Lender, including reasonable attorneys' fees, which costs, expenses and attorneys' fees when incurred by Lender shall become part of the indebtedness secured hereby and shall be immediately payable on demand, and shall draw interest from the date incurred until paid at the highest rate provided for in any note secured hereby.

3.  Undersigned will insure, and keep insured, as required by Lender from time to time, all buildings now and hereafter on said land against such risks, in such form, in at least such amounts, and with such company or companies, as shall be satisfactory to Lender, the loss, if any, to be payable to Lender as its interest may appear, and will deliver to Lender a policy or policies of insurance with mortgagee clause satisfactory to Lender attached thereto, and will promptly pay, when due, all premiums for such insurance. In addition to other insurance coverages, if the property is located in a government mandated flood area where participation in a Federal Flood Insurance Program is required, Undersigned agrees that upon receipt of notification from Lender and within the time period established by Lender, Undersigned will obtain and maintain flood insurance in such amount as Lender requires on all buildings, improvements, fixtures and any mobile home(s), now existing or hereafter erected, placed or maintained on or in the land described in this deed of trust, together with all other personal property securing Undersigned's obligations to Lender and maintained on or in such buildings, improvements or mobile home(s), until the loans, future advances and all other indebtedness secured by such property and this deed of trust is fully paid. Lender may require Undersigned to obtain or maintain such flood insurance at the time loan(s) secured hereby are made or at any time thereafter until the loans secured by such property are fully paid. Undersigned further agrees to pay Lender all reasonable fees and costs Lender incurs in determining whether any of the property is located in

B1778 P0170 06-27-2014 11:24:24.001
Davis H. Brinson PROP
Duplin County, NC Register of Deeds page 7 of 11

' an area having special flood hazards including determination fees (of initial and subsequent determination as well as fees for monitoring the flood hazard status of the property during the life of the loan), together with the cost of premiums and fees incurred with purchasing flood insurance for Undersigned, if Undersigned fails to do so within the time period required by Lender. Any such fees, premiums or costs shall, in Lender's sole discretion, be due and payable on demand or as otherwise provided for in the promissory note(s) secured hereby or this deed of trust. At the option of Lender, insurance funds may be used for reconstruction or repair of the destroyed or damaged insured buildings and insurance funds not so used shall be applied on such part of the indebtedness secured hereby as Lender, in its sole discretion, may determine.

4.    Undersigned will pay, when due and payable, all taxes, assessments and other charges that may be levied or assessed against said land, and all other amounts that may be or become a lien thereon. In the event Undersigned fails to pay, when due and payable, any such tax, assessment, charge or any other item which may or has become a lien on said land, Lender may, at its discretion, pay the same without notice to or consent from Undersigned but Lender shall be under no obligation to do so and the same will, at the option of Lender, be due and payable on demand of Lender or shall be deemed indebtedness secured hereby. Further, if required as a condition of any loan secured hereunder, Undersigned shall pay to Lender on the day installments are due, until the note is paid in full or any escrow requirement is otherwise waived in writing by Lender, a sum to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this instrument as a lien or encumbrance on the property; and (b) premiums for any and all insurance required by Lender. Such amounts required hereunder shall be determined in accordance with the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500) ("RESPA"). Upon payment in full of all sums secured by this instrument, or if any such escrow requirement is no longer required as a condition of any loan secured hereunder, Lender shall promptly refund to Undersigned any funds held by Lender under this escrow requirement.

5.    Undersigned will keep in good order and condition, preserve, repair, rebuild and restore all terraces, buildings, groves, orchards, fences, fixtures, shrubbery and other improvements, of every kind and nature, now on said land and hereafter erected or placed thereon, and will not permit the change, injury or removal thereof, will not commit or permit waste on said land, and will not, except with the written consent of Lender, cut, use or remove, or permit the cutting, use or removal of, any timber or trees on said land for sawmill, turpentine or other uses or purposes, except for firewood and other ordinary farm purposes.

6.    Undersigned covenants that he will not perform any act which might impair or tend to impair the continuation on the land herein described of all crop allotments and acreage allotments now established or hereafter established on any of the land herein described and hereby grants a lien on said allotments to Lender.

7.    Undersigned covenants, warrants and represents that there are no oral or written leases affecting the within described land at the date of this instrument other than those set forth in written application for this loan or in any written amendment thereto and that Undersigned will not enter into any leases affecting the within described land or improvements thereon without the prior approval of Lender thereof.

8.    That Undersigned hereby represents and warrants to Lender that there are no materials (hereinafter collectively called "Special Materials") presently located on or near the premises which, under Federal, state, or local law, statute, ordinance, regulation or standard or administrative or court order or decree or private agreement (hereinafter collectively called "Environmental Requirements"), requiring special handling in use, generation, collection, storage, treatment or disposal, or payment of costs associated with responding to the lawful directives of any court or agency of competent jurisdiction or for similar economic loss. Such Special Materials include those that violate any national or local contingency plan or the release or threatened release of which may violate or create liability under the Environmental Requirements. Such Special Materials also include (a) asbestos in any form, (b) urea formaldehyde foam insulation, (c) paint containing lead or (d) transformers or other equipment which contain dielectric fluid containing polychlorinated biphenyls (commonly referred to as "PCBs"). Undersigned further represents and warrants to Lender that the premises are not now being used nor have they ever been used in the past for the activities including the use, generation, collection, storage, treatment or disposal of any Special Materials, and in particular, without limiting the generality of the foregoing, the premises are not now being used nor have they ever been used in the past for a landfill, surface impoundment or other area for the treatment, storage or disposal of solid waste (including solid waste such as sludge). Undersigned will not place or permit to be placed any such Special Materials on or near the premises. Nothing herein shall be deemed to prohibit or restrict the use, collection, storage, treatment or disposal in a manner consistent with applicable Environmental Requirements, of insecticides, herbicides, or other pesticides, fertilizers or petroleum products (including gasoline, motor fuel, crankcase oil, heating oil) as part of the agricultural operations now or hereafter conducted by the Undersigned on the premises in a good and husbandlike manner. Undersigned further represents and warrants to Lender that there are no wells or septic tanks or other underground tanks (whether currently in use or abandoned-in-place) on the premises serving any other property and that there are no wells or septic tanks on other property serving the premises. If at any time it is determined that there are Special Materials located on the premises which under any Environmental Requirement require special handling in use, generation, collection, storage, treatment or disposal, Undersigned shall, within 30 days after having obtained actual knowledge thereof, take or cause to be taken, at Undersigned's sole expense, such actions as may be necessary to comply with all Environmental Requirements. If Undersigned shall fail to take such action, Lender may make advances or payments towards performance or satisfaction of the same but shall be under no obligation so to do; and all sums so advanced or paid, including all sums advanced or paid in connection with any judicial or administrative investigation or proceeding relating thereto, including, without limitation to the extent permitted by applicable law, reasonable attorneys' fees, fines or other penalty payments, shall be at once repayable by Undersigned and all sums so advanced or paid shall become a part of the indebtedness secured hereby. Failure of Undersigned to comply with all Environmental Requirements shall constitute and be a default under this instrument. Undersigned hereby agrees to indemnify and hold Lender harmless to the extent permitted by applicable law for all loss, liability, damage, cost and expenses, including

B1778 P0171  06-27-2014
11:24:24.001
Davis H. Brinson    PROP
Duplin County, NC Register of Deeds  page 6 of 11

reasonable attorneys' fees, for failure of the premises to comply in all respects with the Environmental Requirements or a breach by Undersigned of any representation, warranty or agreement herein. THE COVENANTS, AGREEMENTS, REPRESENTATIONS, WARRANTIES AND INDEMNITIES OF UNDERSIGNED CONTAINED IN THIS PARAGRAPH SHALL SURVIVE THE OCCURRENCE OF ANY EVENT WHATSOEVER, INCLUDING BUT NOT LIMITED TO, THE PAYOFF OF THE NOTE(S) SECURED HEREBY, THE RELEASE OR FORECLOSURE OF THIS INSTRUMENT, OR THE ACCEPTANCE BY THE LENDER OF A DEED IN LIEU OF FORECLOSURE.

9.   Borrower (or any of them to the extent of their respective obligations) will pay, when due and payable, all amounts secured hereby. Time is of the essence of the said note(s) and any subsequent note(s) secured hereby, and of this instrument. If Undersigned or Borrower fails to comply with any covenant, condition or agreement in this instrument or any notes or other evidence of indebtedness, or in any reamortizations, renewals, deferments, extensions or any other written agreement between the Borrower and the Lender, Lender may, at its option, exercise any one or more of the following rights, powers, privileges, and remedies:

a)   Perform the covenants in this instrument, and in any notes or other evidence of indebtedness hereby secured and all amounts advanced by Lender in so doing shall be due and payable by Borrower to Lender immediately without notice, and shall be secured by this instrument, and may, at the sole discretion of Lender, bear interest from the date of advance by Lender at the highest rate provided in any note or other instrument secured hereby.

b)   Declare any or all amounts and/or obligations secured by this instrument immediately due and payable without notice.

c)   Have this deed of trust forthwith foreclosed for the whole amount of said sum, interest and costs, and on the application of Lender, its successors or assigns, it shall be lawful for and the duty of Trustee or his duly authorized agent, with notice of hearing and sale as provided by Chapter 45 of the General Statutes of North Carolina at the time of said declaration of the full debt being immediately due and payable, at such time and place as provided in the notice of sale, to expose said lands at public sale to the highest bidder for cash and to convey said lands to the purchaser at said sale. At such sale Lender shall have the right to bid and become the purchaser of the property sold. The successful bidder shall make a deposit of ten percent (10%) of the successful bid at the time of sale; provided, the Trustee may waive this requirement.

10.  Trustee shall apply the proceeds of any sale made under authority granted herein against the following:

a)   All costs of said sale, including the charges for advertising and a reasonable commission not to exceed five percent (5%) of the amount for which the property is sold, as compensation for the services of the Trustee;

b)   All taxes, claims, charges, liens, assessments, judgments and costs of maintenance and repair advanced by Lender under the terms of this instrument, with interest thereon as herein set out;

c)   All taxes on, or which are liens against, and all claims and charges against the property, outstanding, unpaid and payable, if sale is not made subject thereto;

d)   The principal and interest of the original indebtedness and all subsequent indebtedness hereby secured;

e)   The remainder, if any, of the proceeds of sale shall be paid to Undersigned, or as otherwise provided by law.  If the proceeds of any such sale shall not be sufficient to pay the total indebtedness hereby secured, with all Trustee's commissions, expenses, costs, taxes, charges, claims, assessments, liens, judgments, repairs and maintenance, as herein set out, Borrower shall be liable to Lender for the balance due after the application of the proceeds of the sale as herein provided, and may be sued for such balance in any court having jurisdiction.

11.  If Trustee is named as a party to any civil action as Trustee in this deed of trust, the Trustee shall be entitled to employ an attorney-at-law, including Trustee, if a licensed attorney, to represent Trustee in said action and reasonable attorneys' fees shall be paid by Lender and added to the principal of the note or notes secured hereby and bear interest at the highest current rate provided in any note.

12.  If Borrower shall pay all installments of principal and interest as set forth in the said note and in any subsequent note or notes and/or other payment evidence of indebtedness secured hereby and in this deed of trust and shall comply with all of the terms, covenants and conditions hereof, then this deed of trust shall become null and void.

13.  The term "land" as used in this instrument includes all trees, timber, shrubbery, fixtures, and improvements now and hereafter on the land described in this instrument. Any agent or representative of Lender may enter upon said land at any time for any purpose desired by Lender.

14.  Accounting procedures employed by Lender are for its internal record keeping and shall not be interpretive of the legal rights and duties of the parties.

15.  As a condition hereof and as part of the consideration for the Present Obligations and any future advances secured hereby, all amounts that may hereafter be awarded for condemnation of and tortious injury to any of the land herein described are hereby assigned and shall be payable unto Lender for application, after payment thereof of attorneys' fees and expenses incurred in connection therewith, on such part of the total indebtedness secured hereby as Lender may determine, with no duty on Lender to collect same.

16.  As a condition hereof and as part of the consideration for the Present Obligations and any future advances secured hereby, all rents, royalties, profits, and any other income accruing from the land and/or improvements herein described upon and during default under this instrument or the said note are hereby assigned and shall be payable unto Lender for application upon such part of the total indebtedness secured by this instrument as Lender may determine, with the right, but no duty upon, Lender to collect same.  Lender shall have the right, exercisable at its discretion so long as this deed of trust is in force and effect, to demand in writing the assignment of and transfer to Lender, its successors and assigns, and Undersigned hereby agrees to so assign and transfer, any and all rents, profits, royalties, income or other consideration to be paid or accruing to Undersigned from any oil, natural gas, mineral, timber, leasehold or other interest of any kind and nature whatsoever, derived from, connected with or affecting the within described real property but not otherwise subject to, conveyed and/or secured by this deed of trust, with the right, but no duty, upon Lender, its successors or assigns to collect same.

G01008NC (0208)                                   Page 5 of 8

B1778 P0172 06-27-2014
11:24:24.001
Davis H. Brinson      PROP
Duplin County, NC Register of Deeds  page 9 of 11

17. As a condition hereof and as part of the consideration for the present loan and any future advance secured hereby, Undersigned hereby waives and renounces for himself, his heirs, administrators or executors, successors, and assigns, all rights that now exist, or that may hereafter exist, under the laws of the State of North Carolina, in the event of suit against Borrower for any deficiency in the debt hereby secured, after foreclosure sale by the Trustee, or otherwise of the land herein described, to show as defense or setoffs the alleged fair worth of said land; the Borrower agrees to pay the full amount of the total indebtedness secured at any time by this deed of trust, and the full amount of any deficiency therein that may be established by the foreclosure sale of the land herein described, without defense or set-off on account of the alleged fair worth of said land.

18. If the Trustee or his successor(s) shall die, resign, become mentally or physically incompetent or otherwise disqualified, refuse to act, or if a new Trustee is desired by Lender or its successor(s) or assigns, Lender, or its successor(s) or assigns, shall have the right, by paper writing duly executed and registered, to name and appoint another Trustee in the place and stead of the Trustee herein named and appointed, which new Trustee shall have all the duties, rights, powers and privileges of the original Trustee, and the expense of such paper writing and registration shall be paid by Borrower immediately upon demand, and if not so paid, same may be advanced by Lender, its successor(s) or assigns, and shall become a part of the indebtedness secured hereby and may bear interest at the highest rate provided in any note or other instrument secured hereby.

19. As a condition hereof and as part of the consideration for the Present Obligations and any future advances secured hereby, all obligations, assignments, releases of real property and/or personal liability, reamortizations, renewals, deferments, extensions or any other agreement, in writing, made or entered into with Lender by any one or more of the Borrowers, by any party or parties obligated (primarily or otherwise) to pay any or all of the indebtedness secured hereby, or by any party or parties who have given security of any kind for any or all of the indebtedness secured hereby are hereby authorized and consented to by Borrower and Undersigned and shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of the Borrower and Undersigned.

20. As a condition hereof and as part of the consideration for the Present Obligations and any future advances secured hereby, if conveyance, transfer, or other disposition should be made, voluntarily or involuntarily, of the property herein described, or any part thereof, without the written consent of the Lender, then and in that event, and at the option of the Lender and without notice to the Borrower or Undersigned, all sums of money secured hereby shall immediately and concurrently with such conveyance become due and payable and in default whether the same are so due and payable and in default by the specific terms hereof or not.

21. A default under this instrument or under any other instrument heretofore or hereafter executed by Undersigned or Borrower (or any one or more of them) to Lender or for the benefit of Lender, shall at the option of Lender constitute a default under any one or more or all instruments executed by Undersigned or Borrower (or any one or more of them) to Lender, or for Lender's benefit.

22. An event of default under this instrument will occur if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce or to make possible the production of an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. Upon default, the entire indebtedness secured hereby shall, at the option of the Lender, become immediately due and payable with interest thereon at the billing rate then in effect without notice, and this instrument may be foreclosed accordingly.

23. All rights, powers, privileges, options and remedies conferred upon and given to Lender are cumulative of all other remedies and rights allowed by law, and may be pursued concurrently, and shall extend to and may be exercised and enjoyed by the successors and assigns of Lender, and by any agent, officer, attorney or representative of Lender, its successors or assigns. All obligations and undertakings of and assignments by Undersigned or Borrower and/or any other parties hereto or hereunder shall extend to and be binding upon heirs, executors, administrators, successors and assigns of Undersigned and/or Borrower, and/or any other parties.



B1778 P0173   06-27-2014
                        11:24:24.031
Davis H. Brinson          PROP
Duplin County, NC Register of Deeds   page 10 of 11

THIS DEED IS EXECUTED BY THE BORROWER IN FAVOR OF, AND THE TERM "LENDER" AS USED HEREIN SHALL INCLUDE, **Cape Fear Farm Credit, ACA** AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES **Cape Fear Farm Credit, FLCA** AND **Cape Fear Farm Credit, PCA**, AS THEIR INTERESTS MAY APPEAR.

 

     IN TESTIMONY WHEREOF, the Undersigned has duly executed the foregoing instrument, the day and year first above written.

Signed, Sealed and Delivered in the presence of:

WITNESS: _____

WITNESS: _____

Undersigned:

Southern Produce Distributors Inc.
By: _____ (SEAL)
David Stewart Precythe, President

_____ (SEAL)
David Stewart Precythe, Individually

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

B1778 P0174  05-27-2014 11:24:24.001 PROP

Duplin County, NC Register of Deeds  page 11 of 11

STATE OF NORTH CAROLINA
COUNTY OF Sampson                )                ACKNOWLEDGEMENT BY INDIVIDUAL

I, Vickie D. Giddens _____ , being duly authorized to take acknowledgements of deeds, etc. in North Carolina, do hereby certify that David Stewart Precythe

_____ personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and and official seal this 27th day of June , 2014

(Official Seal)
My commission expires 7-18-2015

_Vickie D. Giddens_
Signature of Officer
Notary Public
Title of Officer

STATE OF NORTH CAROLINA
COUNTY OF                         )                ACKNOWLEDGEMENT BY INDIVIDUAL

I, _____ , being duly authorized to take acknowledgements of deeds, etc. in North Carolina, do hereby certify that _____

_____ personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official seal this _____ day of _____ , _____ .

(Official Seal)
My commission expires: _____

_____
Signature of Officer

_____
Title of Officer

STATE OF NORTH CAROLINA
COUNTY OF Sampson                )                ACKNOWLEDGEMENT BY CORPORATION

I, Vickie D. Giddens _____ , certify that David Stewart Precythe _____ personally came before me this day and acknowledged that he/she is President _____ of a corporation, and that by authority duly given and as the act of the corporation, the foregoing instrument was signed in its name by its President _____ , sealed with its corporate seal, and attested by him(her) self as its President _____

WITNESS my hand and official seal this 27th day of June , 2014

(Official Seal)
My commission expires 7-18-2015

_Vickie D. Giddens_
Signature of Officer
Notary Public
Title of Officer

STATE OF NORTH CAROLINA
COUNTY OF                         )

The foregoing certificate(s) of

_____

_____

is (are) certified to be correct. This instrument was presented for registration this day and hour and duly recorded in the office of the Registrar of Deeds of _____ County, NC in Book _____ Page _____ .

This _____ day of _____ , A.D., _____ at _____ o'clock _____ M.

By: _____
Registrar of deeds               Deputy/Assistant Registrar of Deeds
Recorded and verified:

STATE OF NORTH CAROLINA
COUNTY OF

I HEREBY CERTIFY that the within instrument was filed and lodged for record in my office at _____ M. o'clock on the _____ day of _____ , _____ , and duly recorded in Book _____ at Page _____ .

Registrar of Deeds

G01008NC (0206)                              Page 8 of 8

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

In re:                                              )
                                                    )
SOUTHERN PRODUCE DISTRIBUTORS, INC.                 )          Case No. 18-02010-5-SWH
                                                    )          Chapter 11
                          Debtor.                   )

## CERTIFICATE OF SERVICE

I certify that I have this date, served or caused to be served a copy of the foregoing **MOTION OF CAPE FEAR FARM CREDIT, ACA, FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION and NOTICE OF HEARING** by the Court's CM/ECF electronic service and/or by first class Mail, postage prepaid, on the following:

| | |
|---|---|
| **Southern Produce Distributors, Inc.**<br>111 West Center Street, North<br>Faison, NC 28341<br>(via U.S. Mail)<br>*Debtor* | **Gregory B. Crampton**<br>Nicholls & Crampton, P.A.<br>P. O. Box 18237<br>Raleigh, NC 27619<br>(via ECF)<br>*Debtor's Counsel* |
| **Brian Behr** (via ECF)<br>**Marjorie K. Lynch** (via ECF)<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601<br>*Bankruptcy Administrator* | **Douglas R. Ghidina**<br>Moore & Van Allen, PLLC<br>100 N. Tryon Street, Suite 4700<br>Charlotte, NC 28202-4003<br>(via ECF)<br>*Counsel for ACF Finco I LP* |
| **Brian D. Darer**<br>Parker, Poe, Adams, Bernstein, LLP<br>PO Box 389<br>301 Fayetteville Street, Suite 1400<br>Raleigh, NC 27602<br>(via ECF)<br>*Counsel for Scott Farms, Inc.* | **J. Michael Fields**<br>Ward and Smith, PA<br>PO Box 8088<br>Greenville, NC 27835-8088<br>(via ECF)<br>*Counsel for D&T Farms, Inc.* |

| | |
|---|---|
| **Leslie Lane Mize**<br>Nelson,Mullins, Riley & Scarborough, LLP<br>4140 Parklake Avenue<br>GlenLake One, Suite 200<br>Raleigh, NC 27612<br>(via ECF)<br>*Counsel for J&J Family of Farms* | **Brian C. Fork**<br>Brooks Pierce McLendon Humphrey Leonard<br>PO Box 1800<br>Raleigh, NC 27602-2460<br>(via ECF)<br>*Counsel for Byline Bank* |
| **Joseph J. Vonnegut**<br>Hutchens, Senter, Kellam & Pettit, P.A.<br>PO Box 2505<br>Fayetteville, NC 28302<br>(via ECF)<br>*Counsel for Select Bank & Trust Company* | **Catherine G. Clodfelter**<br>Parker Poe Adams & Bernstein LLP<br>PO Box 389<br>Raleigh, NC 27602<br>(via ECF)<br>*Counsel for Scott Farms, Inc.* |
| **Terri L. Gardner**<br>Nelson Mullins Riley & Scarborough, LLP<br>4140 Parklake Avenue, Suite 200<br>Raleigh, NC 27612<br>(via ECF)<br>*Counsel for J&J Family of Farms* | **Steven Craig Newton, II**<br>Nicholls & Crampton, P.A.<br>PO Box 18237<br>Raleigh, NC 27612<br>(via ECF)<br>*Counsel for Southern Produce Distributors, Inc.* |
| And **20 largest unsecured creditors** (see attached list) | |

Respectfully submitted this 3rd day of May, 2018.

/s/ Lisa P. Sumner
Lisa P. Sumner
N.C. State Bar No. 22838
lsumner@nexsenpruet.com
*Counsel for Cape Fear Farm Credit, ACA*

OF COUNSEL:

NEXSEN PRUET, PLLC
4141 Parklake Ave., Suite 200
Raleigh, NC 27612
(919) 573-7423

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

In re: )
)
SOUTHERN PRODUCE DISTRIBUTORS, INC. )    Case No. 18-02010-5-SWH
)    Chapter 11
Debtor. )

NOTICE OF MOTION

TAKE NOTICE that Cape Fear Farm Credit, ACA, by and through counsel, has filed a Motion of Cape Fear Farm Credit, ACA, for Relief from Stay or, in the Alternative, for Adequate Protection with the Court.  A copy of these paper(s) is included with this Notice.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order relief requested in the motion, or if you want the court to consider your views on the motion, then within **fourteen (14) days** of the date of this Notice, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

Ms. Stephanie Edmundson
Clerk, U.S. Bankruptcy Court
300 Fayetteville Street, Second Floor
P.O. Box 791
Raleigh, NC 27602

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date and time stated above.

**On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Lisa P. Sumner
N.C. State Bar No. 22838
NEXSEN PRUET, PLLC
4141 Parklake Ave., Suite 200
Raleigh, NC 27612
*Counsel for Cape Fear Farm Credit, ACA*

8

If a response and request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly. If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

This the 3rd day of May, 2018.

/s/ Lisa P. Sumner
Lisa P. Sumner
N.C. State Bar No. 22838
lsumner@nexsenpruet.com
*Counsel for Cape Fear Farm Credit, ACA*

OF COUNSEL:

NEXSEN PRUET, PLLC
4141 Parklake Ave., Suite 200
Raleigh, NC 27612
(919) 573-7423

NPGBO1:2774209.1-PG-(LSUMNER) 016920-00150