**SO ORDERED.**

**SIGNED this 11 day of March, 2020.**



**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| IN RE: | |
| SOUTHERN PRODUCE DISTRIBUTORS, INC., | CASE NO. 18-002010-5-SWH |
| | CHAPTER 11 |
| DEBTOR | |
| _____ | |
| SOUTHERN PRODUCE DISTRIBUTORS, INC., | ADVERSARY PROCEEDING NOS. 19-00064-5-SWH, |
| Plaintiff, | 19-00066-5-SWH, |
| | 19-00067-5-SWH, |
| v. | 19-00068-5-SWH, |
| | 19-00065-5-SWH, and |
| BLAKE GARY ADAMS, WILLIAM GARY ADAMS, KEITH SMITH, STRICKLAND FARMING PARTNERSHIP, D&T FARMS, INC., and WARREN FARMING PARTNERSHIP, | 19-00069-5-SWH |
| Defendants. | |

**ORDER AND OPINION ON 502(d) ISSUE AND JURY TRIAL DEMAND**

The matters before the court are: (1) debtor Southern Produce Distributors Inc.'s objections to claims of Blake Gary Adams (Scheduled Claim No. 3.17), William Gary Adams (Scheduled Claim No. 3.136), Keith Smith (Scheduled Claim No. 3.74), Strickland Farming Partnership (Claim No. 55), D & T Farms, Inc. (Claim No. 45), and Warren Farming Partnership (Claim No. 43), pursuant to 11 U.S.C. § 502(d); and (2) Defendants' demands for jury trials in adversary proceedings Southern Produce Distributors, Inc. v. Blake Gary Adams (19-00064-5-SWH), Southern Produce Distributors, Inc. v. William Gary Adams (19-00066-5-SWH), Southern Produce Distributors, Inc. v. Keith Smith (19-00067-5-SWH), Southern Produce Distributors, Inc. v. Strickland Farming Partnership (19-00068-5-SWH), Southern Produce Distributors, Inc. v. D & T Farms, Inc. (19-00065-5-SWH), and Southern Produce Distributors, Inc. v. Warren Farming Partnership (19-00069-5-SWH).

A hearing was held in Wilmington, North Carolina, on December 18, 2019, and the court took these matters under advisement. At the conclusion of the hearing, the court entered an Order Regarding Briefing of § 502(d) and Right to Jury Trial Issues. On December 31, 2019, Defendants Blake Adams, William Adams, Keith Smith, D&T Farms, Inc., Strickland Farming Partnership, and Warren Farming Partnership jointly filed their Memorandum of Law Regarding Section 502(d). On December 31, 2019, the debtor also filed its Memorandum of Law Regarding Section 502(d). On January 15, 2020, the adversary proceeding Defendants Blake Adams, William Adams, Keith Smith, Strickland Farming Partnership, D&T Farms, Inc., and Warren Farming Partnership, each separately filed a Memorandum of Law in Support of its Demand for Jury Trial. On January 15, 2020, debtor filed its Brief Regarding Jury Trial Issue. After a review of the case record and consideration of the parties' arguments, the debtor's objections to claims under § 502(d)

shall be held in abeyance pending final adjudication of the adversary proceedings, and the Defendants' demands for jury trials on the adversary proceedings are hereby stricken.

## BACKGROUND

Southern Produce Distributors, Inc. (the "debtor") is a sweet potato grower, packer, and shipper based in Faison, North Carolina. As part of its business operation, the debtor regularly purchased sweet potatoes from local growers, packed the purchased potatoes, and sold and shipped them to wholesale and retail vendors. Pre-petition, Blake Gary Adams, William Gary Adams, Keith Smith, Strickland Farming Partnership, D&T Farms, Inc., and Warren Farming Partnership (hereinafter collectively known as the "Growers") sold sweet potatoes to the debtor, which were utilized to fulfill contracts that the debtor had with buyers of sweet potatoes. The debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 20, 2018 (the "Petition Date").

Three out of six of the Growers filed Proofs of Claims in this bankruptcy case: Strickland Farming Partnership, D&T Farms, Inc., and Warren Farming Partnership (hereinafter the "Proof of Claim Growers"). On June 12, 2018, Warren Farming Partnership filed Proof of Claim No. 43 wherein it asserted an unsecured claim against the debtor in the amount of $437,404.84. On June 20, 2018, D&T Farms, Inc., filed Proof of Claim No. 45 wherein it asserted an unsecured claim against the debtor in the amount of $602,528.13. On July 27, 2018, Strickland Farming Partnership filed Proof of Claim No. 55 wherein it asserted an unsecured claim against the debtor in the amount of $168,000.00.

The other three involved Growers, Blake Adams, William Adams, and Keith Smith, (hereinafter the "Scheduled Claim Growers") did not file Proofs of Claims against the debtor. The debtor's Schedules list Blake Adams as having a pre-petition claim in the amount of $33,226.48,

William Adams as having a pre-petition claim in the amount of $78,656.40, and Keith Smith as having a pre-petition claim in the amount of $256,707.40.

On August 20, 2018, the debtor filed an Emergency Motion for Authority to Make Interim Payments on Critical Pre-Petition Grower Claims. That motion was met with opposition and was ultimately restructured to be a request to make certain pre-payments to the Growers for new post-petition sweet potato contracts. On September 7, 2018, the court entered an Order Authorizing Debtor, In Its Discretion, to Enter into Certain Post-Petition Grower Transactions (hereinafter the "Order"). In September of 2018, the debtor entered into contracts with all six Growers, pursuant to the Order, who agreed to sell to the debtor new crops of sweet potatoes, in exchange for debtor's pre-payment to the Growers, with the remaining balance due within some period of time after the delivery of the potatoes.

On May 1, 2019, the debtor initiated six adversary proceedings against the Growers. In those Complaints, the debtor alleged that the Growers breached the post-petition contracts by failing to deliver some or all of the agreed upon new sweet potatoes, or in some cases requiring additional payments above that required by the Order to obtain the contractually agreed upon amount of new sweet potatoes. The debtor further alleges that the Growers wrongfully applied the pre-payments received for the post-petition contracts to the debtor's pre-petition debts, and that these actions violated not only the various contracts and the Order, but also the automatic stay. The original Complaints asserted the following claims for relief: Breach of Contract; Unjust Enrichment; Violation of the Automatic Stay; and Motion for Civil Contempt of Court.

In their respective Answers, the Growers admitted the existence of the contracts but denied any breach or liability to the debtor. Four of the Growers asserted Counterclaims in their Answers: Blake Adams, William Adams, Keith Smith, and Warren Farming Partnership (hereinafter the

4

"Counterclaim Growers"). The Counterclaim Growers alleged that debtor breached the contracts by refusing to take delivery of the amount of sweet potatoes specified under the contracts and refusing to pay for all or some of the sweet potatoes that the debtor did accept. All Growers requested a jury trial on all issues so triable.

The court set a hearing on October 1, 2019, for consideration of the issues related to the jury trial demands. At the October 1, 2019, hearing this court heard arguments from the parties on the right to a jury trial, and afforded the debtor an opportunity to amend its original Complaints. On November 12, 2019, the debtor filed Amended Complaints in the six adversary proceedings against the Growers. The facts alleged by the debtor are the same as those alleged in the original Complaints. However, the debtor removed the cause of action for Breach of Contract in each of the adversary proceedings and instead included a claim for Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542. All Growers answered the Amended Complaints. Counterclaim Growers again asserted counterclaims against the debtor. All Growers again requested a jury trial on all issues so triable.

The debtor filed Objections to Claims to all the Growers' claims against the bankruptcy estate. In the Objections to Claims, debtor sought the denial of the Growers' claims pursuant to § 502(d). The Growers contend that the debtor's objections based on § 502(d) are premature because § 502(d) requires, as a prerequisite to disallowance of the claims, a finding that the Growers are liable to the estate. The debtor, on the other hand, contends that the court has discretion to treat the Growers' claims as temporarily disallowed, subject to reconsideration following adjudication on the issue of whether the Growers are liable to the estate. Both the debtor and all Growers have now briefed the § 502(d) and the jury trial demand issues and they are ripe for adjudication.

**DISCUSSION**

I.    <u>502(d) Issue</u>

11 U.S.C. § 502(d) (2005) states in pertinent part:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

There is a split of authority on the issue of whether it is premature to disallow a bankruptcy claim under § 502(d) prior to a final adjudication on the merits of an avoidance and recovery adversary proceeding. *Seitz v. Frorer (In re Covenant Partners, L.P.)*, 531 B.R. 84, 100 (Bankr. E.D. Pa. 2015). However, the weight of the authority holds that it is premature to disallow the Growers' claims under § 502(d) prior to an adjudication on the merits of the adversary proceedings. *See, e.g., Sikirica v. US Foods, Inc. (In re Damon's Int'l, Inc.)*, 500 B.R. 729, 739 (Bankr. W.D. Pa. 2013) ("Because the Defendant has not yet been found liable, the Trustee cannot set forth a plausible claim under section 502(d)[.]"); *Barkley v. West, et al (In re West)*, 474 B.R. 191, 202-03 (Bankr. N.D. Miss. 2012) ("[T]his court is bound by Fifth Circuit authority which provides that § 502(d) is designed to be triggered after a creditor has been 'adjudicated' to turn over amounts belonging to the bankruptcy estate. The Fifth Circuit's decision comports with the plain meaning of the statute."); *Enron Corp. v. Springfield Assocs., L.L.C. (In re Enron Corp.)*, 379 B.R. 425, 438 (Bankr. S.D.N.Y. 2007) (Laying out three reasons why, "with respect to disallowance, the plain language of section 502(d) reveals that disallowance cannot be fixed on the petition date."); *Seta Corp. v. Atl. Comput. Sys. (In re Atl. Comput. Sys.)*, 173 B.R. 858, 862 (Bankr. S.D.N.Y. 1994) (Interpreting 3 *Collier on Bankruptcy* 502.04 (15th ed. 1993) to support the Fifth Circuit's

interpretation of § 502(d), that a determination of claimant's liability must be made before its claim can be disallowed, and that should there be an adverse determination then there should be an opportunity afforded to turn over that property.); *In re Lids Corp.*, 260 B.R. 680, 684 (Bankr. D. Del. 2001) ("To disallow a claim under section 502(d) requires a judicial determination that a claimant is liable.").

"[T]he purpose of section 502(d) is to ensure compliance with judicial orders." *In re Odom Antennas, Inc.*, 340 F.3d 705, 708 (8th Cir. 2003). The language of the statute, "indicates section 502(d) should be used to disallow a claim after the entity is first adjudged liable; otherwise, the court could not determine if the exception applies." *Id.* (citing *In re Davis*, 889 F.2d 658, 661 (5th Cir. 1989)). "This section is designed to be triggered after a creditor has been afforded a reasonable time in which to turn over amounts adjudicated to belong to the bankruptcy estate." *In re Davis,* 889 F.2d at 662. "The creditor is still entitled to a reasonable time after the final determination until Section 502(d) is kicked into effect." *Id.*

There are some district courts that have held that § 502(d) can be applied to disallow a claim prior to an adjudication on the merits of an adversary proceeding, subject to reconsideration if the defendant should prevail at trial. *See Thaler v. Korn,* 2014 U.S. Dist. LEXIS 37152 (E.D.N.Y. 2014); *In re Circuit City Stores, Inc.*, 426 B.R. 560 (Bankr. E.D. Va. 2010). However, the court finds that these decisions are not consistent with the spirit of the rule. "502(d) is designed to foster the 'restoration' of assets to a debtor's estate, thereby assuring 'equality of distribution' . . . by precluding anyone who has received a voidable transfer from sharing in any distribution . . . unless he first pays back any preference that he has received." *In re Chase & Sanborn Corp.*, 124 B.R. 368, 371 (Bankr. S.D. Fla. 1991) (citing *Keppel v. Tiffin Sav. Bank*, 197 U.S. 356 (1905); *Irving Trust Co. v. Frimitt*, 1 F. Supp. 16, 18 (S.D.N.Y. 1932); *Matter of Mid Atlantic Fund, Inc.,*

60 B.R. 604, 609-10 (Bankr. S.D.N.Y. 1986); *Matter of Georgia Steel, Inc.*, 38 B.R. 829, 839 (Bankr. Md. Ga. 1984)).

This court agrees with courts that have held that § 502(d) is not applicable until there has been a judicial determination of liability on the part of the Growers. Section 502(d) cannot be invoked to ensure the Grower Defendants comply with a judicial order to turn over property to the bankruptcy estate when there has been no such order entered. The requisite judicial determination will come at the conclusion of the trials on the six adversary proceedings against the Growers. Because there has been no judicial determination of the Growers' liability, denying the Growers' claims against the debtor's estate is premature.

Therefore, the debtor's objections to claims of Blake Gary Adams, William Gary Adams, Keith Smith, Strickland Farming Partnership, D & T Farms, Inc., and Warren Farming Partnership, under 11 U.S.C. § 502(d) are hereby held in abeyance pending the outcome of the six adversary proceedings trials.

II.   <u>Jury Trial Demands</u>

The right to a jury trial is provided by the Seventh Amendment of the United States Constitution: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Supreme Court has determined a two-prong test to decide if a litigant is entitled to a jury trial under the Seventh Amendment. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). The first step is to compare the "action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* (quoting *Tull v. United States*, 481 U.S. 412, 417-418 (1987)). The second step is to, "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* "The second stage of this analysis is more important than the first." *Id.*

A.    Proof of Claim Growers

*Granfinanciera* expressly restricted the right to a jury trial in a bankruptcy proceeding: "[B]y submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims, even though . . . the Seventh Amendment would have entitled creditors to a jury trial had they not tendered claims against the estate." *Granfinanciera*, 492 U.S. at 59 n.14. The Supreme Court later reaffirmed this assertion in *Langenkamp*:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. Accordingly, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate."

*Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) (citing *Granfinanciera*, 492 U.S. at 57-59). "If a subsequent action alleging preferential transfers is filed against the creditor, that action becomes part of the claims-allowance process, 'integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction,' and the creditor is not entitled to a jury trial." *Official Comm. of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.)*, 13 F.3d 122, 125-26 (4th Cir. 1993) (citing *Langenkamp*, 498 U.S. at 44; *Granfinanciera*, 492 U.S. at 57-58). "[B]y filing a claim with the bankruptcy court against the bankruptcy estate, a creditor places his dispute with the debtor into the arena of public rights. . . .

9

[A] creditor who files a claim with the bankruptcy court loses his Seventh Amendment right to a jury trial." *Murray v. Richmond Steel & Welding Co. (In re Hudson),* 170 B.R. 868, 873-74 (Bankr. E.D.N.C. 1994).

Based on the foregoing discussion, the three Proof of Claim Growers, Strickland Farming Partnership, D&T Farms, Inc., and Warren Farming Partnership, are not entitled to a jury trial in the adversary proceedings brought by the debtor.

B. Counterclaim Growers

In addition, filing a counterclaim against the debtor in an adversary proceeding within the bankruptcy also results in the loss of the Seventh Amendment right to a jury trial. In *Charlotte Commercial Group, Inc., v. Fleet National Bank (In re Charlotte Commercial Group, Inc.),* 288 B.R. 715, 718 (Bankr. M.D.N.C. 2003), the court stated that both the Bankruptcy Court in the Eastern District and the Western District of North Carolina "have held that where a debtor brings an adversary proceeding and the creditor files a counterclaim against the debtor, the creditor has succumbed to the jurisdiction of that court and waived its right to a jury trial." (citing *Murray v. Richmond Steel & Welding Co. (In re Hudson),* 170 B.R. 868, 873-74 (Bankr. E.D.N.C. 1994); *Ga. Neurosurgical Clinic Profit Sharing Plan v. Rudow* (*In re Robin Hood, Inc.*), 192 B.R. 124 (Bankr. W.D.N.C. 1995)).

In *Hudson,* the court found, "convincing authority has held that a counterclaim does qualify as a 'claim' for purposes of the above-described *Granfinanciera* and *Langenkamp* private rights jury trial analysis." *In re Hudson,* 170 B.R. at 874 (citing *Rushton v. Phila. Forest Prods. (In re Americana Expressways)*, 161 B.R. 707 (Bankr. D. Utah 1993); *Allied Cos. v. Holly Farms Foods, Inc. (In re Allied Cos.)*, 137 B.R. 919 (Bankr. S.D. Ind. 1991); *Shields v. Ciccone (In re Lloyd Sec. Inc.)*, 156 B.R. 750 (Bankr. E.D. Pa. 1993)). Importantly, *Hudson* noted that filing the

10

counterclaim is not itself what waives the right to a jury trial, it is the seeking of a piece of the disputed res – the bankruptcy estate – that subjects the counterclaimant to the bankruptcy court's equitable jurisdiction to allow and disallow claims. *Id.* at 875.

Some courts have decided that only a defendant that files a *permissive* counterclaim in the bankruptcy will lose the Seventh Amendment right to a jury trial, by subjecting itself to the bankruptcy court's equitable jurisdiction, but a defendant that files a compulsory counterclaim will retain the right to a jury trial. *See, e.g., Beard v. Braunstein,* 914 F.2d 434, 442 (3d Cir. 1990). But "an overwhelming majority of courts have determined that parties who file counterclaims, *whether permissive or compulsory*, trigger the bankruptcy court's process of allowance and disallowance of claims, thereby subjecting themselves to the equitable power of a bankruptcy court, waiving their Seventh Amendment right to a jury trial." *Control Ctr., L.L.C. v. Lauer (In re Control Ctr., L.L.C.)*, 288 B.R. 269, 281 (Bankr. M.D. Fla. 2002) (emphasis added) (citing *Leshin v. Welt (In re Warmus)*, 276 B.R. 688, 693-94 (Bankr. S.D. Fla. 2002); *In re Hudson*, 170 B.R. 868, 874-875; *Segal v. CA. Energy Dev. Corp.*, 167 B.R. 667, 672 (Bankr. D. Utah 1994); *Peachtree Lane Assocs., Ltd. v. Granader*, 175 B.R. 232, 236-237 (Bankr. N.D. Ill. 1994); *In re Allied Cos., Inc.*, 137 B.R. 919, 924-25; *Schwinn Plan Comm. Co. v. AFS Cycle & Co. (In re Schwinn Bicycle Co.)*, 184 B.R. 945, 953 (Bankr. N.D. Ill. 1995); *In re Robin Hood, Inc.*, 192 B.R. 124; *In re Americana Expressways, Inc.*, 161 B.R. 707, 714 n.12; *In re Lloyd Sec. Inc.*, 156 B.R. 750, 755; *Bayless v. Crabtree*, 108 B.R. 299, 305 (Bankr. W.D. Okla. 1989); *Anderson v. Simchon (In re Southern Textile Knitters, Inc.)*, 236 B.R. 207, 210 (Bankr. D.S.C. 1999); *Beverage Enters. v. Hornell Brewing Co., Inc. (In re Pocono Springs Co.)*, 1997 Bankr. LEXIS 1750, 6-8 (E.D. Pa. 1997)). In fact, the *Hudson* court held specifically that, "[r]egardless of whether the counterclaim was permissive or compulsory, it represented the defendant's attempt to obtain a portion of the

debtors' estate[,]" and therefore it triggers the allowance or disallowance of the claims. *In re Hudson*, 170 B.R. at 875.

The Counterclaim Growers' argument relies on cases that fall in the minority such as *J.T. Moran Financial Corp., v. American Consolidated Financial Corp. (In re J.T. Moran Financial Corp.)*, 124 B.R. 931, 940 (Bankr. S.D.N.Y. 1991), which held that for a defendant to impliedly waive its right to a jury trial based on filing a compulsory counterclaim "would be to condone jurisdiction by ambush." The court has considered the case law and sides with the majority of courts that have held a waiver of the right to a jury trial by asserting a counterclaim against the estate because, "despite [the] conclusion that the counterclaim is compulsory, the claim nonetheless seeks damages from the bankruptcy estate." *In re Warmus*, 276 B.R. 688, 693. That the Growers' counterclaims were compulsory "is irrelevant to the Supreme Court's decisions that seeking money from the bankruptcy estate acts as a waiver of the right to a jury trial[.] . . . That the Supreme Court's interpretation of this scheme seems unfair . . . is beyond this Court's authority to remedy." *Id.*

Based on the foregoing discussion, the four Counterclaim Growers, Blake Adams, William Adams, Keith Smith, and Warren Farming Partnership, have no right to a jury trial in these adversary proceedings either.

## CONCLUSION

Based on the foregoing, the debtor's objections to claims under 11 U.S.C. § 502(d) are held in abeyance pending the outcome of the adversary proceedings; and the Grower Defendants' demands for jury trials are hereby STRICKEN.

**END OF DOCUMENT**